DEVINE v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court of Appeals, Seventh Circuit.   January 2, 1912.)

No. 1,835.

1. Courts (§ 406*)—Circuit Court of Appeals—Review—Weight of Evidence.

The Circuit Court of Appeals, in an action at law for alleged wrongful death, will not review the weight of evidence.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1103; Dec. Dig. § 406.*]

2. Appeal and Error (§ 237*)—Questions Reviewable—Action Necessary to Present Error.

Alleged misconduct of defendant's counsel in addressing the jury cannot be reviewed, in the absence of a request for action by the trial court, in addition to exception.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1386–1388; Dec. Dig. § 237.*]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by John F. Devine, as administrator of the estate of Peter Argiriou, against the Chicago, Milwaukee & St. Paul Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Emery S. Walker, for plaintiff in error.

O. W. Dynes, for defendant in error.

Before BAKER and SEAMAN, Circuit Judges, and ANDERSON, District Judge.

ANDERSON, District Judge. The plaintiff in error brought his action against the defendant in error for negligently causing the death of one Peter Argiriou. The declaration was in five counts, and in each count it was averred that the accident happened by reason of a collision between one of the trains of the defendant and a hand car upon which the defendant was riding. In each count the negligence complained of related to the management and operation of the train. To this declaration the defendant joined issue by a plea of not guilty. The cause was tried by a jury, a verdict rendered for the defendant, and judgment upon the verdict. Plaintiff in error has filed 25 assignments of error, but in his brief mentions and relies upon 6 only.

[1] The first is that the verdict of the jury is contrary to and against the weight of the evidence. It is too well settled to require the citation of authorities that this court in this kind of a case will not weigh the evidence.

The second, third, fourth, and fifth assignments relied upon relate to the rulings of the court upon the introduction of the evidence. The questions sought to be raised by these assignments are either without substance or are not properly presented. These questions, whether of substance, or as involving practice only, are neither novel nor of sufficient importance to warrant further comment.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The sixth assignment is:

"Counsel for the defendant made improper and prejudicial remarks in addressing the jury."

No good purpose would be served by setting out the remarks complained of. We do not decide whether they were proper or improper. The bill of exceptions recites, after setting out the remarks:

"To which remarks counsel for plaintiff then and there duly excepted."

Plaintiff's counsel did not move or request the court to take any action with regard to such remarks and then except to the court's action. There was no action or ruling of the court invoked by plaintiff in error, and he cannot assign as error of the court the remarks of opposing counsel.

We find no available error in the record.

Judgment affirmed.